IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-00372-WYD-BNB

MARGARET TAYLOR,

      Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS OF ADAMS COUNTY, COLORADO,

      Defendant.

---

**ORDER**

---

I.    <u>INTRODUCTION</u>

      THIS MATTER is before the Court on Defendants' Motion to Dismiss.  The motion seeks to dismiss Plaintiff's claims under the Americans with Disabilities Act ["ADA"] and 42 U.S.C. § 1983 for retaliation for having exercised her First Amendment rights.  Defendant contends that dismissal is proper as Plaintiff's claims are time-barred and Plaintiff has not alleged an adverse employment action.  Defendants seek dismissal under FED. R. CIV. P. 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.  For the reasons stated below, I grant in part and deny in part Defendant's motion.

II.    <u>ANALYSIS</u>

      A.    <u>Whether the Motion Should be Converted to a Summary Judgment Motion</u>

      I first address Plaintiff's argument in her response that the motion is really a summary judgment motion because some of the facts, such as when the EEOC charge

was filed, were supplied by Defendant.  The motion does attach the EEOC charge, which is the only matter submitted that is outside the pleadings.  Defendant's reply indicates that conversion is not necessary since the charge is relevant to the motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1).

I find that the motion to dismiss does not need to be converted to a motion for summary judgment.  The Tenth Circuit has indicated that a court "lack[s] jurisdiction to review Title VII claims that are not part of a timely-filed EEOC charge." *Annett v. University of Kansas*, 371 F.3d 1233, 1238 (10th Cir. 2004).  The Tenth Circuit has further indicated that the EEOC charge can be considered under a jurisdictional challenge pursuant to Fed. R. Civ. P. Rule 12(b)(1) without converting the motion to dismiss to a motion for summary judgment.  *Zinke v. Slater*, No. 01-6125, 34 Fed. Appx. 667, 672 n. 5 (10th Cir. 2002).

Here, Defendant relies on the EEOC charge only in support of its argument that the Court lacks jurisdiction to hear certain claims under Rule 12(b)(1).  It is not pertinent to the portion of the motion that seeks to dismiss the claims under Rule 12(b)(6).  Accordingly, I reject Plaintiff's argument that the motion is really a summary judgment motion that requires conversion of the motion to dismiss.

B.    Whether The ADA Claim is Time-Barred

With respect to the ADA claim, Defendant contends that the events at issue are time-barred.  I agree in part.  It is undisputed that Plaintiff filed her EEOC charge on March 23, 2004.  The ADA requires an individual to file a timely administrative claim within 300 days of the challenged action.  42 U.S.C. § 12117(a).  This is a prerequisite

to suit. *Davidson v. America Online, Inc.*, 337 F.3d 1179, 1183 (10th Cir. 2003). It is further undisputed that the events described in paragraphs 10 through 26 of the complaint occurred more than 300 days before March 23, 2004.

Plaintiff argues, however, that the allegations are not time barred because they relate to a hostile work environment, citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). In *Morgan*, the Supreme Court reaffirmed that a Title VII plaintiff raising claims of discrete discriminatory or retaliatory acts such as termination, failure to promote, denial or transfer must file his or her charge within 300 days of each act, even if that act has a connection to other acts. *Id.* at 109-113, 122. "Each discrete discriminatory act starts a new clock for filing charges alleging that act." *Id.* at 113. Further, "discrete acts that fall within the statutory time period do not make timely acts that fall outside the time period." *Id.* at 112. However, *Morgan* held that a charge alleging a hostile work environment will be not time barred if the acts constituting the claim are part of the same unlawful practice and at least one act falls within the filing period. *Id.* at 116-18, 122.

The problem with Plaintiff's argument is that she has not alleged a hostile work environment claim. Further, the EEOC charge does not reference a hostile work environment claim. Instead, the acts alleged in paragraphs 10 through 26 appear to be discrete acts of discrimination and/or retaliation. Accordingly, I find that the incidents alleged in those paragraphs are time-barred and are subject to dismissal. However, I find that the incidents in paragraph 27 are not time-barred. Those incidents are alleged

-3-

to have occurred on July 21, 2003, within 300 days of the filing of the charge on March 23, 2004.

Defendant asserts, however, that the incidents referenced in paragraph 27 are subject to dismissal because they were not mentioned in the Charge of Discrimination. Defendant further asserts that more than 300 days have passed since those incidents occurred, and that Plaintiff would be precluded from now filing a charge as to those incidents. I deny Defendant's motion to dismiss as to the incidents in paragraph 27 for the reasons stated below.

It is true that the Tenth Circuit holds that "each discrete incident of [discriminatory or retaliatory treatment] constitutes its own 'unlawful employment practice' for which administrative remedies must be exhausted." *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003). It is also true that the events in paragraph 27 were not specifically referenced in the EEOC charge. However, that is not the end of the inquiry. "A plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." *MacKenzie v. City and County of Denver*, 414 F.3d 1266, 1274 (10th Cir. 2005).

Thus, judicial consideration of claims "not expressly included in an EEOC charge is appropriate where the conduct alleged would fall within the scope of an EEOC investigation which would reasonably grow out of the charges actually made." *Martin v. Nannie & the Newborns, Inc.*, 3 F.3d 1410, 1416, n. 7 (10th Cir.1993) (*overruling on other grounds recognized by Davidson v. America Online, Inc.*, 337 F.3d 1179, 1184-85

(10th Cir. 2003)).  The Tenth Circuit has also indicated that in making this determination, the charge must be "[l]iberally construed." *MacKenzie*, 414 F.3d at 1274.

In the case at hand, while the specific events listed in paragraph 27 of the complaint were not referenced in the EEOC charge, the charge did refer to retaliation and harassment that occurred from July 2001 and continued throughout Plaintiff's employment, including the period in question.  Further, the charge referred to changes in Plaintiff's workload and assignments that did not accommodate her disabilities.  I find, for purposes of the motion to dismiss, that an EEOC investigation of these charges could reasonably include an investigation of the incidents alleged in paragraph 27.  This  could include an investigation into the alleged retaliation that occurred and the transfer to a job that Plaintiff was physically unable to perform.  Accordingly, the motion to dismiss is denied as to the allegations in that paragraph.

In conclusion, the motion to dismiss is granted in part and denied in part as to the first claim for relief.  Specifically, it is granted as to the allegations in paragraph 10 - 26 of the complaint, as the incidents alleged in these paragraphs are time-barred.   The motion is denied as to the incidents and allegations in paragraph 27 of the complaint.

C.     Whether Dismissal is Proper as to the Retaliation Claim under § 1983

This retaliation claim is based on § 1983, which requires that a claim be brought within two years of the accrual of the cause of action.  *Wilson v. Garcia*, 471 U.S. 261 (1985).  Since Plaintiff's complaint was filed on February 28, 2005, all incidents referenced in the complaint that occurred more than two years prior to that are time-

barred.  Here, the incidents listed in paragraphs 10-26 of the complaint all occurred more than two years prior to the filing of the complaint and are barred.  However, the incidents alleged to have occurred in paragraph 27 are not time-barred.

Nevertheless, Defendant asserts that dismissal is proper as to the allegations in paragraph 27 because they do not allege an adverse action within the meaning of the law.  I disagree.  The Tenth Circuit holds that an adverse action is a "significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits."  *Sanchez v. Denver Public Schools*, 164 F.3d 527, 532 (10th Cir. 1998).  An adverse action is defined "liberally consistent with the remedial purpose of Title VII."  *Id.*  The adverse action need not be material; instead, the court "takes a case-by-case approach to determining whether a given employment action is adverse.  *Jeffries v. State of Kansas*, 147 F.3d 1220, 1232 (10th Cir. 1998) (abrogation in part on other grounds recognized in *Zisumbo v. McCleodUSA Telecommunications Servs., Inc.*, No. 04-4119, 154 Fed. Appx. 715 (10th Cir. 2005)).

In this case, Plaintiff alleges in paragraph 27 that she was reprimanded and slandered, was transferred to a job she could not physically perform and was not qualified for, and that she was forced to take medical leave.  For purposes of the motion to dismiss, where I accept Plaintiff's allegations as true, I find that these actions are adverse within the meaning of the law.  *See Jeffries*, 147 F.3d at 1232-33 (verbal interrogation and reprimand, threats to withdraw supervision and not renew the employee's contract were sufficient to constitute adverse action even though the

actions did not actually have an adverse impact on the terms and conditions of the employee's employment).  Further, a transfer to a job that one is physically unable to perform and is not qualified for is not a mere inconvenience or alteration of job responsibilities.  *Sanchez*, 146 F.3d at 532.  Instead, such actions, if true, could constitute a significant change in employment status.

Accordingly, the motion to dismiss is granted in part and denied in part as to the second claim for relief.  Specifically, it is granted as to the allegations in paragraph 10 - 26 of the complaint, as the incidents alleged in these paragraphs are barred by the two year statute of limitations.  The motion is denied as to the incidents and allegations in paragraph 27 of the complaint.

III.    CONCLUSION

Based upon the foregoing, it is

ORDERED that Defendant's Motion to Dismiss filed September 7, 2005, is

**GRANTED IN PART AND DENIED IN PART** consistent with this Order.

Dated:  July 27, 2006

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge